1  Robert A. Bailey (# 214688)
   rbailey@afrct.com
2  Adam F. Summerfield (# 259842)
   asummerfield@afrct.com
3  ANGLIN, FLEWELLING, RASMUSSEN,
   CAMPBELL & TRYTTEN LLP
4  199 South Los Robles Avenue, Suite 600
   Pasadena, California 91101-2459
5  Telephone:  (626) 535-1900
   Facsimile:   (626) 577-7764

6

7  Attorneys for Defendant
   WELLS FARGO BANK, N.A., successor
   by merger with Wells Fargo Bank
8  Southwest, N.A., f/k/a Wachovia Mortgage,
   FSB, f/k/a World Savings Bank, FSB
9  ("Wells Fargo")

10                UNITED STATES DISTRICT COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12

13  ROSAURA FRIAS, an individual,              CASE NO.: 3:13-CV-00075-EDL

14                Plaintiffs,                   [The Honorable Elizabeth D. Laporte]

15       v.                                     **DEFENDANT WELLS FARGO BANK,
                                                N.A.'S MOTION TO DISMISS THE
16  WELLS FARGO BANK as successor by            COMPLAINT; MEMORANDUM OF
    merger to Wachovia Bank and World Savings   POINTS AND AUTHORITIES**
17  Bank; CAL WESTERN RECONVEYANCE
    COMPANY and DOES 1-20, inclusive,           Date:     February 19, 2013
18                                              Time:     9:00 a.m.
                  Defendants.                   Ctrm:     B
19

20

21  TO PLAINTIFF AND HER ATTORNEY OF RECORD:

22       PLEASE TAKE NOTICE that on February 19, 2013 at 9:00 a.m. in Courtroom B of the

23  above-entitled court, located at 450 Golden Gate Avenue, San Francisco, California, 94102,

24  defendant Wells Fargo Bank N.A., successor by merger with Wells Fargo bank Southwest, N.A.,

25  formerly known as Wachovia mortgage FSB, formerly known as World Savings Bank, FSB

26  (erroneously sued as "Wachovia Mortgage Corporation") ("Wells Fargo") will move pursuant to

27

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

Rule 12(b)(6) of the Federal Rules of Civil Procedure for an order dismissing the first through fifth claims for relief in the complaint.

Grounds for the motion to dismiss, brought pursuant to F.R.C.P. 12(b)(6), are:

**1.    First Claim for Relief: Violation of California Civil Code §2923.5**

Plaintiff fails to state a claim for violation of Cal. Civ. Code § 2923.5 because the claim is preempted by the Home Owners' Loan Act, 12 U.S.C. § 1461 *et seq.* ("HOLA").

**2.    Second Claim for Relief:  Violation of Cal. Bus. & Prof. Code § 17200 *et seq.***

Plaintiff fails to state a claim for violation of Cal. Bus. & Prof. Code §17200 because: (i) the claim is barred by the statute of limitations; (ii) the claim for relief is preempted by HOLA; (iii) plaintiff has not stated a claim for "unlawful" acts or practices; (iv) plaintiff has not stated a claim for "unfair" acts or practices; (v) plaintiff has not pleaded a claim for "fraudulent" acts or practices.

**3.    Third Claim for Relief: Fraud (Cal. Civ. Code § 1572)**

Plaintiff fails to state a claim for fraud because: (i) the claim is barred by the statute of limitations; (ii) plaintiff's claim fails for lack of the requisite particularity; (iii) plaintiff's allegations are contradicted by the promissory note and are barred by the parol evidence rule; and (iv) the claim is preempted by HOLA.

**4.    Fourth Claim for Relief: Contractual Breach of the Implied Covenant of Good Faith and Fair Dealing**

Plaintiff fails to state a claim for contractual breach of good faith and fair dealing because: (i) the claim is barred by the statute of limitations; (ii) the claim is preempted by HOLA; (iii) plaintiff fails to allege her performance under the contract; and (iv) plaintiff fails to allege specific terms of the contract that have been frustrated.

**5.    Fifth Claim for Relief: Declaratory and Injunctive Relief**

Plaintiff fails to state a claim for declaratory and injunctive relief because: (i) declaratory and injunctive relief are remedies, not independent causes of action; (ii) the claim is preempted by HOLA and (iii) plaintiff fails to plead her ability to tender the outstanding indebtedness.

///

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    This motion will be based on this notice of motion, the memorandum of points and

2    authorities, the concurrently filed request for judicial notice, the documents on file in this action,

3    the argument of counsel, and on such other information as the Court may deem appropriate.

4                                                      Respectfully submitted,

5    Dated:  January 13, 2013                 ANGLIN, FLEWELLING, RASMUSSEN,
                                                       CAMPBELL & TRYTTEN LLP
6

7                                                By:   /s/ Adam F. Summerfield
                                                      Adam F. Summerfield
8                                                     asummerfield@afrct.com
                                                 Attorneys for Defendant
9                                                WELLS FARGO BANK, N.A., successor by
                                                 merger with Wells Fargo Bank Southwest, N.A.,
10                                               f/k/a Wachovia Mortgage, FSB, f/k/a World
                                                 Savings Bank, FSB ("Wells Fargo")
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

## 1.   <u>INTRODUCTION</u>

This action involves a September 2006 mortgage loan taken out by plaintiff.  Plaintiff defaulted on the loan in September 2010, and foreclosure proceedings were initiated.  Plaintiff now seeks to hold Wells Fargo Bank, successor in interest to plaintiff's lender, responsible for her default based on the fact that plaintiff claims she was unable to understand the terms of the loan, specifically the fact that it was an adjustable rate loan, despite the fact that at the top of the first page of the loan documents it is so indicated, and despite the fact that plaintiff paid, over four years, loan payments which fluctuated per the terms of the adjustable rate loan.  As stated below, plaintiff's claims are insufficient, and should be dismissed without leave to amend.

## 2.   <u>SUMMARY OF THE COMPLAINT AND JUDICIALLY NOTICEABLE FACTS</u>

On September 25, 2006, plaintiff and her husband, Carlos Sanchez, borrowed $532,000.00 from Wells Fargo's predecessor, World Savings Bank FSB.  The loan was memorialized by a promissory note and secured by a deed of trust recorded against 823 87th Street, Daly City, CA 94015 (the "Property").  A true and correct copy of the note and deed of trust are attached to the Request for Judicial Notice ("RJN") at ¶¶ 1-2 Exhibits A and B, respectively.

In January 2008, World Savings changed its name to Wachovia Mortgage, FSB.  In November 2009, it changed its name to Wells Fargo Bank Southwest, N.A. before merging with Wells Fargo Bank, N.A. (RJN, ¶¶ 3-6, Exs. C, D, E, and F are true and correct copies of (i) a Certificate of Corporate Existence issued by the Office of Thrift Supervision ("OTS") to World Savings, (ii) an OTS letter dated November 19, 2007 authorizing the name change, (iii) the Charter of Wachovia Mortgage, FSB, and (iv) an Official Certification of the Comptroller of the Currency stating that, effective November 1, 2009, Wachovia Mortgage, FSB converted to Wells Fargo Bank Southwest, N.A., which then merged with and into Wells Fargo Bank, N.A., respectively).

Plaintiff defaulted on her loan by missing the payment due September, 2010.  (RJN, Ex. G, p.2.  After years of attempting to obtain a loan modification, Wells Fargo caused a notice of

1   default to be recorded in the San Mateo County Recorder's Office on September 13, 2012. *Id.*, ¶

2   7, Ex. G. That Notice listed the arrearage as of September 11, 2012 to be $78,492.24. *Id.* p.1.

3          In this lawsuit, plaintiff's central allegation is that, more than six-years ago in September

4   of 2006, Wells Fargo fraudulently led her to believe she was signing up for a *fixed* rate loan that

5   would fully amortize over 30 years. Compl., ¶¶ 19, 21.

6   **3.     THE FIRST CLAIM (VIOLATION OF CAL. CIV. CODE § 2923.5) SHOULD BE**

7          **DISMISSED.**

8          Plaintiff alleges that Wells Fargo failed to comply with the pre-foreclosure

9   communications requirements of California Civil Code section 2923.5. Compl., ¶¶ 33, 35-37.

10  This claim is preempted by federal law – specifically the Home Owners' Loan Act, 12 U.S.C. §

11  1461 *et seq.* ("HOLA").

12         The Office of Trust Supervision ("OTS") "occupies the entire field of lending regulation

13  for federal savings associations." 12 C.F.R. § 560.2. OTS regulations issued pursuant to HOLA

14  are "so pervasive as to leave no room for state regulatory control." *Silvas v. E*Trade Mortg.*

15  *Corp.*, 514 F.3d 1001, 1004-05 (9th Cir. 2008). Step one of the HOLA analysis determines

16  whether the type of state law at issue appears in 12 C.F.R. § 560.2(b), which lists the types of

17  state laws that HOLA preempts. *Silvas,* 514 F.3d at 1004-05. If that type of state law appears on

18  the list, the analysis ends and the law is preempted; there is no step two. *Id.* Any presumption

19  against preemption of state law does not apply to HOLA, and any doubt should be resolved in

20  **favor** of preemption. *Id* (emphasis added).

21         Under 12 C.F.R. § 560.2(b)(10), preempted state laws include those that would impose

22  requirements on a federal savings bank with respect to the "processing, origination, servicing,

23  sale or purchase of, or investment or participation in, mortgages . . . ." Under subdivision (b)(4),

24  preempted state laws include those that would impose requirements as to the "terms of credit,"

25  offered by a federal savings bank, "including the circumstances under which a loan may be

26  called due and payable upon the passage of time or a specified event external to the loan."

27         Federal courts have overwhelmingly held that HOLA preempts claims under Section

28  2923.5 of the California Civil Code. *Tuck v. Wells Fargo Home Mortg.*, 2012 U.S. Dist. LEXIS

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    97777, 11-12 (N.D. Cal. July 13, 2012) (claim alleging that "Wells Fargo improperly recorded

2    the notice of default because it failed to comply with requirements of § 2923.5 . . . affect

3    disclosure and 'processing, origination, servicing, sale or purchase' of a mortgage and are

4    specifically preempted by HOLA.  12 C.F.R. § 560.2(b) (9) and (10)."); *see also Nguyen v. Wells*

5    *Fargo Bank, N.A.*, 749 F. Supp. 2d 1022, 1032 (N.D. Cal. 2010); *Giannini v. Am. Home Mortg.*

6    *Serv., Inc.*, 2012 U.S. Dist. LEXIS 12241 (N.D. Cal. Feb. 1, 2012).

7        Here, the originating lender[1] was a federal savings bank that was organized and was

8    operating under HOLA.  RJN, Ex. C.  Since plaintiff's first claim, under section 2923.5, is

9    preempted by HOLA, the claim should be dismissed without leave to amend.

10       Plaintiff also fails to include her husband and co-borrower in this allegation.  Civil Code

11   §2923.5 does not require that a foreclosing lender attempt to speak with each of the borrowers on

12   a loan.  In order to state a cause of action under this Section, Plaintiff would need to plead that

13   Defendant also violated it with respect to Mr. Sanchez.

14   **4.    THE SECOND, THIRD, AND FOURTH CAUSES OF ACTION ARE BARRED BY**

15   **THE STATUTE OF LIMITATIONS.**

16       Plaintiff alleges that an unnamed loan officer made misrepresentations regarding the

17   terms of her loan at origination "on or about September of 2006."  Compl., ¶¶ 15, 17-19.

18   Plaintiff filed this action on December 4, 2012.  Having waited over five years to bring this

19   complaint, plaintiff's causes of action are time-barred.

20   **A.    Plaintiff Fails to Plead Facts Warranting the Application of Delayed Discovery.**

21       Apparently recognizing the facial bar created by the statute of limitations, plaintiff

22   alleges she only became aware of any fraud until she "retained the services of their [sic] attorney

23   to defend the wrongful foreclosure around March of 2012."  Compl., ¶ 17.  The central allegation

---

[1]    HOLA still applies even though World was ultimately merged into Wells Fargo Bank, N.A., the current defendant. *DeLeon v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 62499, *17 (N.D. Cal. June 9, 2010) ("Wells Fargo notes that at the time the loan was made to the [plaintiff], 'World Savings Bank, FSB was a federally chartered savings bank organized and operating under HOLA' and observes *correctly* that the same preemption analysis would apply to any alleged misconduct after November 1, 2009, when the lender merged into a national savings banking association.") (emphasis added); *Taguinod v. World Sav. Bank, FSB*, 2010 U.S. Dist. LEXIS 127677, *5 (C.D. Cal. Dec. 2, 2010).

1   of plaintiff's complaint is that her loan officer misrepresented whether the loan was a fixed or

2   adjustable rate loan.  Plaintiff's argument implies that she has not read a single monthly loan

3   statement for nearly four years – from the origination of the loan through September of 2010, the

4   date stated in the notice of default.  This defies credulity and plaintiff nonetheless has not

5   adequately pleaded a basis to invoke delayed discovery.

6       A plaintiff relying on delayed discovery must allege specific facts establishing that:  (1)

7   she had no knowledge of the injury; (2) she lacked means for obtaining such knowledge; and (3)

8   how and when she actually learned of the injury.  *Cal. Sansome Co. v. U.S. Gypsum*, 55 F.3d

9   1402, 1407 (9th Cir. 1995); *Parson v. Tickner*, 31 Cal. App. 4th 1513, 1525 (1995).  "Formal

10  averments or general conclusions to the effect that the facts were not discovered until a stated

11  date, and that the plaintiff could not reasonably have made an earlier discovery, ***are useless***."  5

12  Witkin, California Procedure, Pleading § 929 (5th ed. 2008) (emphasis added).

13      Here, plaintiff fails to plead facts justifying her failure, until March of 2012, to discover

14  the terms of the loan.  There is no reason she could not have read the loan documents at the time

15  she signed them or anytime thereafter.  Plaintiff's purported justification for her failure to read

16  the loan documents, "[d]ue to [her] lack of knowledge of professional finance terminology and,

17  above all, the lack of her understanding of the English language," cannot support her claim.

18  Compl., ¶ 20.  As noted below, the promissory note and deed of trust each provide disclosures

19  regarding the adjustable nature of the loan.  Plaintiff does not allege facts "that she lacked means

20  for obtaining such knowledge."  *Cal. Sansome Co*., 55 F.3d 1402, 1407 (9th Cir. 1995).  Plaintiff

21  could easily have a person more fluent in English translate the documents for her, and she does

22  not allege that she ever indicated difficulty understanding the loan documents to the unnamed

23  loan officer.  *See Dorado v. Shea Homes Ltd. P'ship*, 2011 U.S. Dist. LEXIS 97672, *24-28

24  (E.D. Cal. 2011) ("[e]ven if loan documents were not provided in Plaintiff's native language, **a**

25  **reasonable Plaintiff, taking out a $421,650.00 mortgage is reasonably expected to seek a**

26  **translation of the documents at inception of the loan** or at least sometime before the

27  limitations period ended.").

28      Moreover, the note states in capital letters, at the top of the first page, that it was an

"ADJUSTABLE RATE MORTGAGE NOTE" and directly below contains, in capital letters, the provision that "THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE. MY MONTHLY PAYMENT INCREASES, MY INTEREST RATE INCREASES AND MY PRINCIPAL BALANCE INCREASES ARE LIMITED." RJN, ¶ 1, Ex. A. The note continues, in section 3(B), that "[m]y initial monthly payment amount was selected by me from a range of initial payment amounts approved by Lender and may not be sufficient to pay the entire amount of interest accruing on the unpaid Principal balance." *Id.*

Nor does plaintiff allege that she did not receive any of her monthly mortgage statements. Even if she had included such an allegation, the absence of monthly loan statements would, in and of itself, be sufficient to place plaintiff on inquiry notice at least five years ago. Plaintiff obviously knew that her payment amounts were fluctuating over the years. Those changes gave rise to a duty on her part to investigate further, and she is charged with knowledge of the true facts concerning their loan terms. *Miller v. Bechtel Corp.*, 33 Cal. 3d 868, 874-75 (1983).

Plaintiff had the means of discovering the alleged fraud in her possession since January 2005. Her failure to act reasonably and investigate further precludes her from relying on delayed discovery.

**B.      The Second Cause of Action for Violation of Business And Professions Code §17200 is Time-Barred.**

Plaintiff challenges the adequacy of the disclosures given at the time of origination, claiming that Wells Fargo violated §17200 at the time of the loan origination. Compl., ¶¶ 21-23. The cause of action is therefore barred by the four-year statute of limitations in § 17208 as of September of 2010.

**C.      The Third Cause of Action for Fraud is Time-Barred.**

In support of her third cause of action, plaintiff challenges the representations made by her loan broker during the origination of the loan. Compl., ¶ 67. This cause of action is therefore barred by the three-year statute of limitations in Section 338(d) of the California Code of Civil Procedure.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

**D.**     <u>**The Fourth Cause of Action for Breach of the Implied Covenant is Time-Barred**</u>.

In the fourth cause of action, plaintiff alleges that the unnamed loan officer misrepresented the material terms of the loan during origination.  Compl., ¶ 82.  The statute of limitations on a cause of action for breach of the implied covenant is three years.  *City of Vista v. Robert Thomas*, 84 Cal.App.4th 882, 889 (2000), citing C.C.P. § 338.  In *City of Vista*, the court applied the three-year statute of limitations because the gravamen of the plaintiff's complaint was fraud.  *Id.*  Similarly, in this case the implied covenant claim is based on some purported fraud.  Just as in *City of Vista, supra*, the statute of limitations is three years, and it expired in September of 2009, long before the filing of this action in December of 2012.

**5.**     <u>**THE SECOND CAUSE OF ACTION, FOR VIOLATION OF CAL. BUS. & PROF. CODE § 17200, SHOULD BE DISMISSED**</u>.

Plaintiff next asserts a claim for violations of California's Unfair Competition Law ("UCL"), California Business and Professions Code Section 17200.  This cause of action is predicated upon the alleged violation of Section 2923.5 of the California Civil Code, plaintiff's first cause of action.  Compl., ¶¶ 46-47, 56, 58.  Thus plaintiff's claim, which is derivative of her first cause of action, is preempted by HOLA.  Moreover, as stated above, to the extent that plaintiff's claim is based upon any representations made at the time of origination, plaintiff's claim is also time-barred.  Plaintiff also makes oblique references to violations of Section 2924 of the California Civil Code ("[d]efendants … ignored California's non-judicial foreclosure statutes <u>Civil Code</u> Section 2924, *et seq.* and engaged in fraudulent and unfair business practices by providing misleading and incomplete information in order to foreclose on the Subject Property."  Compl., ¶ 45f).  However, these allegations too are insufficient to state a cause of action, and are preempted by HOLA.

A claim under the UCL requires the allegation of particular facts showing ongoing unlawful, unfair, and fraudulent business acts on the part of the defendant.  *Korea Supply Co. v. Lockheed Martin Corp*., 29 Cal.4th 1134, 1143 (2003).  At paragraph 45, plaintiff provides a laundry list of alleged acts and omissions that she contends were unlawful, unfair, or fraudulent in violation of the UCL.  She claims that Wells Fargo: "engaged in deceptive business practices

with respect to mortgage loan servicing, foreclosure of residential properties and related matters

by: (a) Assessing improper or excessive fees; (b) Improperly characterizing Plaintiff's account as

being in default or delinquent status to generate unwarranted fees; (c) Instituting improper or

premature foreclosure proceedings to generate unwarranted fees; (d) Seeking to collect, and

collecting, various improper fees, costs and charges, that are either not legally due under the

mortgage contract or that are in excess of amounts legally due; (e) Executing and recording false

and misleading documents; and (f) … ignor[ing] California non-judicial foreclosure statutes

<u>Civil Code</u> Section 2924, *et seq.* and engag[ing] in systematic fraudulent and unfair business

practices by providing misleading and incomplete information in order to foreclose on the

Subject Property." Compl., ¶ 45 (emphasis added).

**A.    <u>Plaintiff has not Stated a Claim for "Unlawful" Acts or Practices</u>.**

"[A]n action based on [the UCL] to redress an unlawful business practice 'borrows'

violations of other laws and treats these violations … as unlawful practices, independently

actionable under section 17200 et seq. and subject to the distinct remedies provided thereunder."

*Farmers Ins. Exch. v. Super. Ct.*, 2 Cal.4th 377, 383 (1992) (quotations and citations omitted).  If

a claim cannot be stated under the "borrowed" law, a UCL claim cannot be stated either.  *Ingels*

*v. Westwood One Broad. Servs., Inc.*, 129 Cal. App. 4th 1050, 1060 (2005).

Plaintiff makes the bold assertion that Wells Fargo regularly commits felonies by

recording false declarations of compliance with Section 2923.5 of the California Civil Code,

which violates Section 115 of the California Penal Code.  Compl., ¶¶ 46i, 47.  Even assuming

*arguendo* that Wells Fargo caused to be recorded a false declaration of compliance, this

communication is privileged under Section 47 of the California Civil Code.  *Cf. Rusheen v.*

*Cohen*, 37 Cal. 4th 1048 (2006) (litigation privilege applicable to any publication permitted by

law; false declarations of service, resulting in default judgment, were privileged).

**B.    <u>Plaintiff has not Stated a Claim for "Unfair" Acts or Practices</u>.**

Conduct is "unfair" when it "threatens an incipient violation of an antitrust law, or

violates the policy or spirit of one of those laws because its effects are comparable to or the same

as a violation of the law, or otherwise significantly threatens or harms competition."  *Cel-Tech*

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Comms, Inc. v. Los Angeles Cell. Tel. Co.*, 20 Cal.4th 163, 187 (1999).  Here, plaintiff has not alleged that Wells Fargo's conduct threatens an incipient violation of an antitrust law, or violates the policy or spirit of such a law.  Thus, she has not pleaded a claim for "unfair" acts or practices.

**C.      Plaintiff has not Pleaded a Claim for "Fraudulent" Acts or Practices.**

To the extent the "fraudulent" conduct alleged consists of misrepresentations regarding the loan terms that induced plaintiff to accept the loan, the claim fails because plaintiff has not pleaded the fraud with requisite specificity.  As further discussed below, in the discussion of plaintiff's fraud cause of action,  Plaintiff has not met any of these pleading requirements, nor can she, and therefore, she cannot allege a claim for fraudulent acts or practices.  when an entity is accused of fraud, the plaintiff must "allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written."  *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal. App. 4th 153, 157 (1991).  Plaintiff has not done so, and she thus cannot state a cause of action under the UCL for fraudulent acts or practices.

**D.      Plaintiff's Claim is Preempted by HOLA.**

As an initial matter, to the extent that plaintiff realleges any claims based upon Section 2923.5, *supra*, such claims are preempted by HOLA.  Additionally, plaintiff's UCL claim is preempted by HOLA because it first challenges the manner in which the lender "process[ed]," "originat[ed]," or "servic[ed]" the loan.  12 C.F.R. § 560.2(b)(10).  *See Nguyen v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 113246, 29-30 (N.D. Cal. Oct. 25, 2010) (finding that loan related activities, involving origination procedures, disclosures, fees, transfers, etc., including those brought under section 17200 are preempted).  Specifically, plaintiff alleges, at the beginning of her list of purported violations, that Wells Fargo engaged in deceptive practices "with respect to ***mortgage loan servicing***, foreclosure of residential properties and related matters…."  Compl., ¶ 45 (emphasis added).

Plaintiff then alleges that she had incurred "unfair and unwarranted amount[s] of ***foreclosure fees, late fees, other improper fees and charges***."  Compl., ¶ 53 (emphasis added).

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

A claim based on improper fees falls directly within 12 C.F.R. § 560.2(b)(5) ("[l]oan-related fees, including without limitation, initial charges, late charges, prepayment penalties, servicing fees, and overlimit fees").  *See, e.g.*, *Silvas, supra*, 514 F.3d at 1006 ("Section 560.2(b)(5) specifically preempts state laws purporting to impose requirements on loan related fees…. Because the UCL § 17200 claim, as applied, is a type of state law listed in paragraph (b)… the preemption analysis ends there.  Appellants' claim under UCL § 17200 is preempted.").

Finally, plaintiff alleges that Wells Fargo "engaged in systematic fraudulent and unfair business practices by providing ***misleading and incomplete information*** in order to foreclose on the Subject Property."  Compl., ¶ 55 (emphasis added).  Claims based upon inadequate or improper disclosures are preempted by HOLA under the "disclosure" clause.  12 C.F.R. § 560.2(b)(9); *see also Naulty v. GreenPoint Mortg. Fund., Inc.*, 2009 U.S. Dist. LEXIS 79250, *14 (N.D. Cal. Sept. 2, 2009) (HOLA preempted claims based on disclosures that lender did or did not give).  Thus, plaintiff's UCL claim is preempted under 560.2(b)(10) (the "servicing" clause), 560.2(b)(9) (the "disclosures" clause), and 560(b)(5) (the "fees" clause), and her claim should be dismissed with prejudice.

## 6.   PLAINTIFF'S THIRD CAUSE OF ACTION FOR FRAUD SHOULD BE DISMISSED.

Plaintiff asserts two separate "Third Causes of Action" for Fraud.  This is obviously a form complaint that Plaintiff's counsel has recycled from other actions against other lenders, because the second of the two Third Causes of Action is directed towards "Defendant Deutsche, RMR, and Does"  (Comp. at 13:8-10).  Deutsche Bank has nothing to do with this action and this cause of action is out of place and should be dismissed.

Initially, as stated above, plaintiff's fraud cause of action is time-barred by California's three year statute of limitations, and she has not pleaded any sufficient reason to toll the statute of limitations.  Cal. Code Civ. Proc. § 338(d).   Plaintiff alleges that Wells Fargo "intentionally, willfully and wantonly misrepresented the actual terms of the loan including but not limited to interest rate of the loan, monthly payments and prepayment penalty."  Compl., ¶ 65.  She also alleges that "[o]n or about September of 2006, [Wells Fargo] knowingly and willfully

Anglin Flewelling Rasmussen Campbell & Trytten LLP

1   misrepresented, concealed and suppressed the material terms of the loan including but not

2   limited: [sic] that the interest rate on the Plaintiffs' [sic] loan was fixed despite the fact it was

3   adjustable interest rate capped not to decrease below 2.250%; the monthly payments of

4   $1,966.38 was [sic] for 30 years which was sufficient to pay off the interest of the loan reduce

5   [sic] the principal balance of the loan." *Id.*, ¶ 67. She then repeats these allegations throughout

6   paragraph 72 of the complaint and its subsections.  However, her third cause of action is fatally

7   deficient for the reasons set forth below.

8   **A.      Plaintiff Has Failed to Plead Fraud with the Requisite Particularity.**

9          The elements of fraud are (1) a misrepresentation, (2) with knowledge of its falsity,

10  (3) with the intent to induce another's reliance on the misrepresentation, (4) justifiable reliance,

11  and (5) resulting damage.  *Conroy v. Regents of Univ. of Calif.*, 45 Cal. 4th 1244, 1256 (2009).

12         When alleging fraud against a corporate defendant, Rule 9(b) of the Federal Rules of

13  Civil Procedure requires a plaintiff to specifically plead:  (1) the misrepresentation; (2) the

14  speaker and his or her authority to speak; (3) when and where the statements were made; (4)

15  whether the statements were oral or written; (5) if the statements were written, the specific

16  documents containing the representations; and (6) the manner in which the representations were

17  allegedly false or misleading.  *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 549 (9th

18  Cir. 1989).  Vague or conclusory allegations are insufficient to satisfy Rule 9(b)'s "particularity"

19  requirement.  *See, Moore*, 885 F. 2d at 540; *Wool v. Tandem Computers, Inc.*, 818 F.2d 1433,

20  1439 (9th Cir. 1987).

21         Plaintiff has completely failed to meet these pleading requirements.  Plaintiff only states

22  that, "[a]t the time of the signing of the loan documents, when Plaintiff inquired about the terms

23  of the loan in the documents, she was assured by the loan officer that the loan was a fixed rate

24  loan and material terms of the loan were the same as promised"  (Compl., ¶ 19) and that "Wells

25  Fargo, its employee/agents and DOES 1 through 20 Inclusive [sic] intentionally, willfully and

26  wantonly misrepresented the actual terms of the loan…" (Compl., ¶ 65), "including but not

27  limited: [sic] that the interest rate on the Plaintiffs' [sic] loan was fixed despite the fact it was

28  adjustable interest rate capped not to decrease below 2.250%; the monthly payments of

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   $1,966.38 was [sic] for 30 years which was sufficient to pay off the interest of the loan reduce

2   [sic] the principal balance of the loan." *Id.*, ¶ 67.  She does not state *who* made the

3   representations, their *authority* to speak, whether they were *oral* or *written*, or *when* and *where*

4   the statements were made.  As such, the third cause of action should be dismissed.

5   **B.    The Fraud Claim is Barred by the Parol Evidence Rule.**

6          Even assuming that the alleged representations were made, they must have occurred prior

7   to plaintiff's signing of the loan documents in order for plaintiff to show reliance. Any such prior

8   or contemporaneous statements are therefore barred by the parol evidence rule.  Cal. Civ. Proc.

9   Code § 1856(a) ("Terms set forth in a writing intended by the parties as a final expression of

10  their agreement with respect to such terms as are included therein may not be contradicted by

11  evidence of any prior agreement or of a contemporaneous oral agreement").  *Davis v. Gulf Oil*

12  *Corp.*, 572 F. Supp. 1393 (C.D. Cal. 1983) held:

13              The parol evidence proposed by plaintiff would "flatly contradict" the

14              terms of the contract, and the Court concluded that the extrinsic evidence

15              should not have been admitted.  This holding is consistent with the

16              longstanding rule in California that fraud cannot be proven by a promise

17              that is "directly at variance with the promise of a writing."

18  *Id.* at 1400-01 (internal citations omitted).

19         Furthermore, the adjustable nature of the loan was evident throughout the promissory

20  note, and in fact was written in large capital letters at the top of the *first page* of the promissory

21  note.  RJN, ¶ 1, Ex. A.  The note states, on the first page, that it was an "ADJUSTABLE RATE

22  MORTGAGE NOTE," and directly below contains, in capital letters, the provision that "THIS

23  NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE.

24  MY MONTHLY PAYMENT INCREASES, MY INTEREST RATE INCREASES AND MY

25  PRINCIPAL BALANCE INCREASES ARE LIMITED."  RJN, ¶ 1, Ex. A.

26         Furthermore, Plaintiff obviously knew that her payment amounts were fluctuating over

27  the years.  Those changes gave rise to a duty on her part to investigate further, and she is charged

28  with knowledge of the true facts concerning their loan terms.  *Miller v. Bechtel Corp.*, 33 Cal. 3d

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

868, 874-75 (1983).

Even if plaintiff could not understand the "true terms" of the loan "due to [her] lack of knowledge of professional finance terminology and, above all, the lack of her understanding of the English language," (Compl., ¶ 20) she surely must have known, or been put on notice, that "adjustable" and "fixed" loans are not the same.  *See also Dorado v. Shea Homes Ltd. P'ship*, 2011 U.S. Dist. LEXIS 97672, *24-28 (E.D. Cal. 2011) ("[e]ven if loan documents were not provided in Plaintiff's native language, **a reasonable Plaintiff taking out a $421,650.00 mortgage is reasonably expected to seek a translation of the documents at inception of the loan**….") (emphasis added).

Similarly, in the promissory note, under the heading "Amount of My Initial Monthly Payments" in Section 3(B), plaintiff was informed that the amount of the payment "***will change*** as described in Section 3(C) and 3(D) below.  My initial payment amount was selected by me from a range of initial payment amounts approved by Lender and ***may not be sufficient to pay the entire amount of interest accruing*** on the unpaid Principal balance."  RJN, ¶ 1, Ex. A (emphasis added).  This directly contradicts plaintiff's allegation that Wells Fargo "actively misrepresented, concealed, and suppressed material facts about the loan terms from Plaintiff including but not limited to: the adjustable rate with capped interest rate not to decrease below 2.250%; prepayment penalty; actual monthly payments were substantially higher than the initial payments of $995.31 [sic]."  Compl., ¶ 72d.

The express language of the note, written in clear English, also states in section 3(E), entitled "Deferred Interest; Additions to My Unpaid Principal," that "[f]rom time to time, my monthly payments may be insufficient to pay the total amount of monthly interest that is due.  If this occurs, the amount of interest that is not paid each month, called 'Deferred Interest,' will be added to my Principal ***and will accrue interest*** at the same rate as the Principal."  RJN, ¶ 1, Ex. A (emphasis added).  This clearly and directly contradicts plaintiff's allegation that Wells Fargo "failed to disclose that unpaid balance of the loan accrued additional interest."  Compl., ¶ 72e.

Similarly, the deed of trust states in the very first paragraph, in capital letters, that "THIS IS A FIRST DEED OF TRUST WHICH SECURES A NOTE WHICH CONTAINS

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE, FREQUENCY, AND AMOUNT OF PAYMENTS AND PRINCIPAL BALANCE (INCLUDING FUTURE ADVANCES AND DEFERRED INTEREST)."  RJN, ¶ 2, Ex. B.

Although there is an exception to the parol evidence rule that permits evidence of the circumstances under which the agreement was made to establish fraud (Cal. Civ. Proc. Code § 1856(g)), this exception does not apply when, as here, the parol evidence is offered to prove a fraudulent promise directly at variance with the terms of the written agreement.  *Alling v. Universal Mfg. Corp.*, 5 Cal. App. 4th 1412, 1436 (Cal. App. 1st Dist. 1992) ("The fraud exception to the parol evidence rule does not apply to such promissory fraud if the evidence in question is offered to show a promise which contradicts an integrated written agreement."); *Casa Herrera, Inc. v. Beydoun*, 32 Cal. 4th 336, 347 (Cal. 2004) ("And, despite some criticism, our courts have consistently rejected promissory fraud claims premised on prior or contemporaneous statements at variance with the terms of a written integrated agreement.")

Plaintiff's allegations that the interest rate would be fixed for the life of the loan and that the loan would not be subject to negative amortization are contrary to the express terms and conditions in the promissory note and deed of trust.  Plaintiff has therefore not only failed to allege facts supporting her allegations of fraud, but has in fact signed a document that directly contradicts those allegations.

Plaintiff's failure to show any misrepresentation not directly contradicted by the written agreement signed by plaintiff is fatal to her fraud claim, and the third cause of action should therefore be dismissed.

## C.   The Fraud Claim is Preempted by HOLA.

The fraud claim is preempted by HOLA because it challenges the adequacy of "disclosures," the manner in which the loan was "originat[ed]" and "process[ed]," and the "terms of credit."  12 C.F.R. § 560.2(b)(4), (9), and (10).  *Joseph v. Wachovia Mortg. Corp.*, 2011 U.S. Dist. LEXIS 133558 (N.D. Cal. Nov. 18, 2011) *14-15 (finding that claim alleging that lender fraudulently induced plaintiffs to enter into "unduly risky loans" and promised that plaintiffs could afford the loan payments were preempted under 12 C.F.R. § 560.2 (b)(4), (b)(5) and

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

(b)(10)); *Remo v. Wachovia Mortgage,* 2011 U.S. Dist. LEXIS 86607 (N.D. Cal. Aug. 5, 2011) (fraud claim based on allegation that Wells Fargo induced plaintiff to enter into the loan by making "misrepresentations regarding the terms of the loan [and] the loan's risks" was preempted by HOLA; § 560.2(b)(9) bars state claims that challenge disclosures in credit-related documents and advertising, and § 560.2(b)(10) preempts state claims that have to do with the "[]processing, origination, [and] servicing . . ." of mortgages).

**7.   PLAINTIFF'S FOURTH CAUSE OF ACTION FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING SHOULD BE DISMISSED.**

The elements of a cause of action for breach of the implied covenant of good faith and fair dealing are: (1) plaintiff and the defendant entered into a contract; (2) plaintiff did all or substantially all of the things that the contract require him to do or was excused from having to do; (3) all conditions required for defendant's performance had occurred; (4) defendant unfairly interfered with plaintiff's right to receive the benefits of the contract; and (5) defendant's conduct harmed the plaintiff. *Melegrito v. CitiMortgage Inc.*, 2011 U.S. Dist. LEXIS 60447, 29-30 (N.D. Cal. June 6, 2011). "The covenant of good faith and fair dealing, implied by law in every contract, exists merely to prevent one contracting party from unfairly frustrating the other party's right to receive the benefits of the agreement actually made." *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350  at 1369 (Cal. App. 4th Dist. 2010).

Plaintiff alleges that Wells Fargo violated the implied covenant when it "Willfully withheld numerous disclosures; Concealed and suppressed material terms of the loan; Altered the terms of the Note; and Misrepresented the material terms of the loan including but not limited [sic] interest rate and monthly payments." Compl., ¶¶ 82a-82d.

Plaintiff's claim is fatally defective for several reasons.  First, a plaintiff must plead her performance or "adequately plead[] an excuse for his nonperformance." *Durrell, supra*.  The implied covenant "cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement." *Id*;  *see also Beutel v. Wells Fargo Bank, N.A*., 2011 U.S. Dist. LEXIS 121486 at *9 (N.D. Cal. 2011) (Granting motion to dismiss claim for breach of the implied covenant because plaintiff had not made monthly payments under

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   note and therefore had not performed under his contractual duties).  Here, plaintiff admits that a

2   notice of default was recorded on September 13, 2012 (Compl, ¶ 28), yet she has not alleged her

3   own performance or excuse for non-performance.

4       Second, alleged wrongs that occurred before a contract came into existence cannot be the

5   basis of an implied covenant claim.  *Land O' Lakes v. Gonsalves*, 2012 U.S. Dist. LEXIS 32853,

6   *24-25 (E.D. Cal. Mar. 9, 2012) (allegations that counterclaim defendant induced counterclaim

7   plaintiff to enter into contract by withholding information and misrepresenting facts did not state

8   a claim; the only alleged contract "was not in existence at the time the alleged misrepresentations

9   and concealment in bad faith and cannot form the basis of the breach of the implied covenant of

10  good faith and fair dealing claim.").  Here, any failure by Wells Fargo to provide adequate loan

11  disclosures took place before the note and deed of trust were signed.  These pre-contractual

12  alleged acts and omissions cannot be the basis of an implied covenant claim.

13      Third, plaintiff has not identified the *specific provisions* of the note or deed of trust that

14  were allegedly frustrated.  *Perez v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 96706, *51

15  (N.D. Cal. Aug. 29, 2011) ("to state a claim for breach of the implied covenant of good faith and

16  fair dealing, a plaintiff must identify the specific contractual provision that was frustrated.").

17      Fourth, the claim is preempted by HOLA because it challenges the adequacy of

18  "disclosures," the manner in which the loan was "originat[ed]" and "process[ed]," and the "terms

19  of credit."  12 C.F.R. § 560.2(b)(4), (9), and (10).  *Cordon v. Wachovia Mortg.,* 2011 U.S. Dist.

20  LEXIS 28336 at *9-10 (N.D. Cal. Mar. 4, 2011) (HOLA preempted fraud claim alleging that

21  lender "failed to disclose the negative amortization component of Plaintiff's loan" because claim

22  implicated "terms of credit, including amortization of loans" (§ 560.2(b)(4)), "disclosure and

23  advertising" (§ 560.2(b)(9)), and "origination" of mortgages' (§560.2(b)(10))

24      The complaint is devoid of facts showing that Wells Fargo frustrated plaintiff from

25  receiving the benefits of "the agreement actually made."  The vague allegations in the complaint

26  (¶¶ 82a-82d, stated *supra*) do not, and cannot, suffice to plead that Wells Fargo has unfairly

27  frustrated her right to receive the benefits of the contract: Wells Fargo complied with all

28  disclosure requirements; all material terms of the loan are stated within the loan documents; no

1   alteration was made to the terms of the loan documents (nor were any alterations alleged); and

2   the adjustable nature of the loan was clearly laid out in the loan documents.  RJN, ¶¶ 1-2, Ex. A-

3   B.  Wells Fargo strictly adhered to these terms, and plaintiff breached the terms of the contract

4   by failing to make her required payments, not by any action or inaction on the part of Wells

5   Fargo.

6   **8.   PLAINTIFF'S FIFTH CAUSE OF ACTION FOR DECLARATORY AND**

7   **INJUNCTIVE RELIEF SHOULD BE DISMISSED.**

8         Plaintiff cannot state a cause of action for declaratory and injunctive relief.  Therefore,

9   the fifth cause of action should be dismissed for the reasons set forth below.

10  **A.   Declaratory Relief**

11        Declaratory relief is not an independent cause of action.  *See Thompson v. Residential*

12  *Credit Solutions, Inc.,* 2012 U.S. Dist. LEXIS 61598, *17 (E.D. Cal. May 2, 2012) ("[b]ecause

13  plaintiff's other claims have been dismissed and declaratory relief is not a cause of action in and

14  of itself, the court must grant [defendants'] motion to dismiss.").

15        Additionally, the claim – which sounds in fraud – is time-barred.  *See Maguire v.*

16  *Hibernia Sav. & Loan Soc*., 23 Cal. 2d 719, 734 (1944) ("the period of limitations applicable to

17  ordinary actions at law and suits in equity should be applied in like manner to actions for

18  declaratory relief."); Civ. Proc. Code §§ 337, 338(d).  Furthermore, the claim fails because

19  plaintiff has not alleged a tender of the indebtedness.  "[T]he law is long-established that a

20  trustor … must tender the obligation in full as a prerequisite to challenge of the foreclosure sale."

21  *Periguerra v. Meridas Capital, Inc.*, 2010 U.S. Dist. LEXIS 8082, *9-12 (N.D. Cal. Jan. 29,

22  2010).  Finally, plaintiff's claim is preempted by HOLA for the same reasons as plaintiff's other

23  causes of action.

24  **B.   Injunctive Relief**

25        Similarly, "injunctive relief is a remedy, not a cause of action in federal court."  *Nardico*

26  *v. J P Morgan Chase & Co*., 2013 U.S. Dist. LEXIS 4727, *2 (N.D. Cal. Jan. 11, 2013); *see also*

27  *Shell Oil Co. v. Richter*, 52 Cal.App.2d 164, 168 (1942) ("a cause of action must exist before

28  injunctive relief may be granted.").

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    Additionally, This cause of action is flawed because it seeks only equitable relief, to

2    which this plaintiff is not entitled by virtue of her failure to tender the amount of her

3    indebtedness.  It is well-established under California law that to attack a foreclosure sale, a

4    debtor must make a valid and viable tender of their full outstanding indebtedness.  *Abdallah v.*

5    *United Sav. Bank*, 43 Cal. App. 4th 1101, 1109 (1996) (the tender requirement applies "to any

6    cause of action for irregularity in the sale procedure."); *FPCI Re-Hab 01 v. E & G Invs.*, 207 Cal.

7    App. 3d 1018, 1021 (1989); *Gaffney v. Downey Sav. & Loan*, 200 Cal. App. 3d 1154, 1165

8    (1988) (tender of full debt is a prerequisite to enjoining a foreclosure); *Karlsen v. Am. Sav. &*

9    *Loan Ass'n*, 15 Cal. App. 3d 112, 117 (1971); *Gavina v. Smith,* 25 Cal. 2d 501, 505-506 (1944);

10   *Sipe v. McKenna*, 88 Cal. App. 2d 1001, 1006 (1948) (full tender is a precondition to injunctive

11   relief and quiet title).

12   Here, plaintiff has made no effort to tender the amount of her outstanding debt nor does

13   she assert that but for the alleged actions of Wells Fargo he would have done so.  As such, she is

14   not entitled to injunctive relief.

### 9.    CONCLUSION

16   For the reasons set forth above, defendant Wells Fargo Bank, N.A., respectfully requests

17   an order granting its motion to dismiss plaintiff's first through fifth claims without leave to

18   amend.

19                                          Respectfully submitted,

20   Dated:  January 13, 2013               ANGLIN, FLEWELLING, RASMUSSEN,
                                            CAMPBELL & TRYTTEN LLP
21

22                                          By:   /s/ Adam F. Summerfield
                                                  Adam F. Summerfield
23                                                asummerfield@afrct.com
                                            Attorneys for Defendant
24                                          WELLS FARGO BANK, N.A., successor by
                                            merger with Wells Fargo Bank Southwest, N.A.,
25                                          f/k/a Wachovia Mortgage, FSB, f/k/a World
                                            Savings Bank, FSB ("Wells Fargo")
26

27

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

**CERTIFICATE OF SERVICE**

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 199 S. Los Robles Avenue, Suite 600, Pasadena, California 91101-2459.

On the date below, I served a copy of the foregoing document entitled:

**DEFENDANT WELLS FARGO BANK, N.A.'S MOTION TO DISMISS THE COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

on the interested parties in said case as follows:

**Served By Means Other than Electronically Via the Court's CM/ECF System**

| *Attorneys for Plaintiff* | *Attorneys for Defendant Cal-Western Reconveyance Corp.* |
|---|---|
| Laura Furuta<br>JP LAW<br>28484 Constellation Road<br>Valencia, CA 91355<br>Tel: (661) 505-1188<br>Fax: (661) 607-0199 | Robin Prema Wright<br>Yelena Cayton<br>Wright, Finley & Zak, LLP<br>4665 MacArthur Court, Suite 280<br>Newport Beach, CA 92660<br>Tel: (949) 477-5050<br>Fax: (949) 477-9200 |

☒    **BY MAIL:** I am readily familiar with the firm's practice of collection and processing correspondence by mailing. Under that same practice it would be deposited with U.S. Postal Service on that same day with postage fully prepaid at Pasadena, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. This declaration is executed in Pasadena, California on January 14, 2013.

| Maureen Courtney | /s/ *Maureen Courtney* |
|---|---|
| (Type or Print Name) | (Signature of Declarant) |

CASE NO.: 3:13-CV-00075-EDL
CERTIFICATE OF SERVICE